

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

Overruled by H-619 + H-985
where conflicts

February 28, 1972

Honorable Ted Butler
Criminal District Attorney
Bexar County Courthouse
San Antonio, Texas   78204

Opinion No. M-1088

Re:   Construction of Senate Bill
213, Acts 62nd Leg., R.S.
1971, Ch. 262, p. 1151 (Art.
2372h-6, V.C.S.).

Dear Mr. Butler:

Your request for an opinion asks the following question:

"Your opinion is requested as to whether
deputies of county officials are 'Employees'
within the definition of 'Employee' in Section
1 (3) of the Civil Service System-Creation,
Dissolution, Etc.--Counties of 300,000 or More,
Chapter 262, S.B. No. 213, 62nd Legislature,
R.S., 1971.  We refer to all deputies, but
specifically those deputies of the following
county officials:  a.) County Clerk, b.) District
Clerk, c.) Assessor and Collector of Taxes, d.)
Auditor, e.) Treasurer, f.) Sheriff, and g.) Con-
stables."

Senate Bill 213, Acts 62nd Legislature, R.S. 1971, Ch.
262, p. 1151 (Article 2372h-6, Vernon's Civil Statutes) provides
for the creation of a county civil service system in counties
having a population of 300,000 or more inhabitants.  Section 1
defines "employee" as follows:

"(3) 'Employee' means any person who obtains
his position by appointment and who is not au-
thorized by statute to perform governmental
functions in his own right involving some exercise
of discretion, but does not include a holder of
an office the term of which is limited by the
Constitution of the State of Texas."

In the case of Murray v. Harris, 112 S.W.2d 1091 (Tex.
Civ.App. 1938, error dism.), the court stated at page 1093:

"The statute conferring upon the sheriff
the power to appoint deputies fixes no definite

-5315-

term of office, but provides that the tenure
shall be at the pleasure of the sheriff, which
is tantamount to a provision that both the
appointment and tenure are discretionary with
him. . ."

It was thus held in Attorney General's Opinion WW-1191
(1961):

"Thus, it is clear that, under the pro-
visions of Article 6869, the Sheriff has full
power to appoint the deputies who will serve
under him and also has full power to terminate
their services at any time he may see fit. The
term of a deputy sheriff is not fixed by statute
and the power to 'hire' and 'fire' is an incident
of the power of appointment given the sheriff.
The office of deputy sheriff is therefore held
only during the pleasure of the sheriff."

It is our opinion that the above holding is equally
applicable to other deputies. Article 1938, Vernon's Civil
Statutes, relating to deputy county clerks; Article 1898, relating
to deputy district clerks; Article 7252, relating to deputy as-
sessor-collectors of taxes; Article 1650, relating to assistant
county auditors; Article 3943d, relating to assistants to the
county treasurer; and Article 3902, relating to appointment
generally of deputies, clerks and assistants.

In Attorney General's Opinion O-5341 (1943), it is
stated:

"'The term "office" implies a delegation of
a portion of the sovereign power to, and possession
of, it by the person filling the office; a public
office being an agency for the state, and the
person whose duty it is to perform the agency
being a public officer. The term embraces the
idea of tenure, duration, emolument and duties,
and has respect to a permanent public trust to
be exercised in behalf of government, and not to
a merely transient, occasional or incidental em-
ployment. A person in the service of the govern-
ment who derives his position from a duly and
legally authorized election or appointment, whose
duties are continuous in their nature and defined

by rules prescribed by government, and not by contract, consisting of the exercise of important public powers, trusts, or duties, as a part of the regular administration of government, the place and the duties remaining, though the incumbent dies or is changed, every office in the constitutional meaning of the term implying an authority to exercise some portion of the sovereign power, either in making, executing or administering the laws. Mechem on Public Officers, §1-9.'"

In view of the foregoing authorities we agree with you that deputies of county officials are included in the definition of "employee" as defined in Subsection (3) of Section 1 of Senate Bill 213, Acts 62nd Legislature, R.S. 1971, Ch. 262, page 1151 (Article 2372h-6, Vernon's Civil Statutes).

## S U M M A R Y

Deputies of county officials are "employees" within the meaning of Senate Bill 213, Acts 62nd Leg., R.S. 1971, Ch. 262, p. 1151 (Article 2372h-6, Vernon's Civil Statutes), creating a county civil service system in counties with a population of 300,000 or more inhabitants.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by John Reeves
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
James McCoy
Jack Goodman
Herschel T. Moore
Dyer Moore

SAMUEL D. McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant